## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA

KYLE BEALS,                                    )
                                               )
                        Petitioner,            )
v.                                             )        No. 1:12-cv-1357-JMS-MJD
                                               )
KEITH BUTTS,                                   )
                                               )
                        Respondent.            )

### Entry Discussing Petition for Writ of Habeas Corpus

For the reasons explained in this Entry, the petition of Kyle Beals (ABeals@) for a writ of habeas corpus must be **denied.**

### Background

In a disciplinary proceeding identified as No. MCF 12-05-0134, Beals was found guilty of violating a prison rule which prohibits inmates from stalking. The evidence favorable to the hearing officer=s decision as set forth in the conduct report is that "within [Beals'] address book were three different items containing professional and personal information on Pen Products Manager (Sandra Roark). The items were obtained without permission and constituted repeated actions by Offender Beals that resulted in Ms. Roark feeling frightened, threatened and concerned for her safety."

Contending that the proceeding was constitutionally infirm, Beals now seeks a writ of habeas corpus pursuant to 28 U.S.C. ' 2254(a). His claims are that: 1) he was denied a fair hearing before an impartial decision maker; 2) he did not receive 24 hours advanced notice of the hearing; 3) he was denied the opportunity to present evidence; 4) he was denied a copy of the findings of fact to support the finding of guilt; 5) he was denied an impartial hearing appeal and a copy of the finding of facts on appeal; and 6) he was housed too long in disciplinary segregation.

Beals' custodian opposes issuance of the writ which is sought, and Beals has replied.

**Discussion**

A federal court may issue a writ of habeas corpus pursuant to ' 2254(a) only if it finds the applicant Ais in custody in violation of the Constitution or laws or treaties of the United States.@ *Id.* When a prison disciplinary proceeding results in a sanction which affects the expected duration of a prisoner=s confinement through the deprivation of earned good-time credits, the state may not deprive the inmate of good-time credits without ensuring that the credits are not arbitrarily rescinded and habeas corpus is the proper remedy. *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004).

"Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Wolff v. McDonnell,* 418 U.S. 539, 556 (1974). In these circumstances, Beals was entitled to the following process before being deprived of his liberty interests: (1) advance (at least 24 hours before hearing) written notice of the claimed violation; (2) the opportunity to be heard before an impartial decision maker; (3) the opportunity to call witnesses and present documentary evidence (when consistent with institutional safety); and (4) a written statement by the fact-finder of the evidence relied on and the reasons for the disciplinary action. *Rasheed-Bey v. Duckworth,* 969 F.2d 357, 361 (7th Cir. 1992). In addition, there is a substantive component to the issue, which requires that the decision of a conduct board be supported by "some evidence." *Superintendent v. Hill,* 472 U.S. 445 (1985).

Under *Wolff* and *Hill,* Beals received all the process to which he was entitled. That is, the charge was clear, adequate notice was given, and the evidence was sufficient. In addition, (1) Beals was given the opportunity to appear before the conduct board and make a statement concerning the charge, (2) the conduct board issued a sufficient statement of its findings, and (3) the conduct board issued a written reason for its decision and for the sanctions which were imposed. Beals= claims otherwise are unavailing here.

!    Beals' contention that he was denied an impartial decision maker because the hearing officer presided over another disciplinary matter involving Beals and because he exited the hearing room to confer with the officer is not supported by a showing that any member of the conduct board had a direct personal or otherwise substantial involvement in the circumstances underlying the charges. *Redding v. Fairman,* 717 F.2d 1105, 1113 (7th Cir. 1983) (citing *Rhodes v. Robinson,* 612 F.2d 766, 773 (3rd Cir. 1979)). A conduct board that follows established procedures, whose discretion is circumscribed by regulations, and which adheres to *Wolff's* procedural requirements, does not pose a hazard of arbitrariness violative of due process. *Wolff,* 418 U.S. at 571. Those procedures were followed in this case. *See McPherson v. McBride,* 188 F.3d 784, 787 (7th Cir. 1999)(Aas long as procedural protections are constitutionally adequate, we will not overturn a disciplinary decision solely because evidence indicates the

claim was fraudulent.®). Beals' claim that he was denied an impartial decision-maker is without merit.

!       Beals claims that he was denied 24-hour advanced notice of his disciplinary hearing. Beals received written notice of the charges at least 24 hours in advance of the hearing; he received a copy of the conduct report on May 16, 2012, and the hearing was held on May 30, 2012.

!       Beals claims that he was not afforded the right to present documentary evidence because items he submitted at his hearing were accepted by the hearing officer but were not considered. The state statute submitted by Beals was not new or exculpatory as it was this statute upon which the stalking charge was based. This statute would not have refuted the allegations set forth in the conduct report. In addition, the year old work evaluation completed by Sandra Roark and which portrays Beals in a positive light does not refute the fact that Beals secured Roark's personal information without Roark's permission.  Even if these items were not considered, no due process violation occurs when the requested evidence is denied, but would have been irrelevant, repetitive, or unnecessary. *Forbes v. Trigg,* 976 F.2d 308, 316 (7th Cir. 1992).

!       Beals claims that he was denied a copy of the findings of fact following the disciplinary hearing because the report did not contain detailed findings. Beals makes the same claim as to the denial of his appeal. The due process requirement that there be a written record does not ʌimply that a disciplinary board's factual findings or decisions with respect to appropriate punishment are subject to second-guessing upon review.@ *Hill,* 472 U.S. at 455. Furthermore, Beals alleges that under Department of Correction policy the hearing should have been audio recorded. However, this claim is inconsequential, constitutionally speaking, because it rests on asserted violations of prison policies and procedures. *Evans v. McBride,* 94 F.3d 1062 (7th Cir. 1996); *Colon v. Schneider,* 899 F.2d 660, 672-73 (7th Cir. 1990); *see also Del Vecchio v. Illinois Dept. of Corrections,* 31 F.3d 1363, 1370 (7th Cir. 1994) (habeas corpus jurisdiction is limited to evaluating alleged violations of federal statutory or constitutional law), *cert. denied*, 516 U.S. 983 (1995).

!       Beals' claim that he remained in segregation for an excessive period of time is not a proper challenge here. *Woodson v. Lack,* 865 F.2d 107, 109 (6th Cir. 1989)(pre-hearing segregation is not unlawful).

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Beals to the relief he seeks. Accordingly, his petition for a

writ of habeas corpus must be **denied** and the action dismissed. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 02/12/2013

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution:**

**Kyle Beals**
**#881294**
**Pendleton Correctional Facility**
**Inmate Mail/Parcels**
**4490 West Reformatory Rd.**
**Pendleton, IN  46064**

**Electronically Registered Counsel of Record**