UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| KYLE BEALS, ) | |
| ) | |
| Petitioner, ) | |
| v. ) | No. 1:12-cv-1357-JMS-MJD |
| ) | |
| KEITH BUTTS, ) | |
| ) | |
| Respondent. ) | |

**Entry Discussing Post-Judgment Motion to Reconsider**

For the reasons explained in this Entry, the request of habeas petitioner Kyle Beals to reopen the action and consider his untimely reply will be **denied**.

**Background**

This is an action for habeas corpus relief brought by state inmate Beals, who challenged the validity of a prison disciplinary proceeding identified as No. MCF 12-05-0134. After briefing, the Court concluded that there was no constitutional infirmity in the challenged proceeding and therefore denied Beals' petition for writ of habeas corpus. Final judgment was entered on the clerk's docket on February 12, 2013.

In a letter dated March 1, 2013, Beals asks this court to reconsider the denial of his petition for writ of habeas corpus and to consider his traverse, memorandum and exhibits filed on February 13, 2013. Given the timing of the post-judgment request just referenced relative to the entry of final judgment, and given the argument set forth in such request, the request seeks relief within the scope of Rule 59(e) of the *Federal Rules of Civil Procedure* and is thus treated as a motion pursuant to Rule 59(e). *See Borrero v. City of Chicago,* 456

F.3d 698, 701-02 (7th Cir. 2006)(explaining that whether a motion filed within the time period contemplated by Rule 59(e) should be analyzed under Rule 59(e) or Rule 60(b) of the *Federal Rules of Civil Procedure* depends on the *substance* of the motion, not on the timing or label affixed to it).

## Discussion

Federal Rule of Civil Procedure 59(e) allows a party to move the court for reconsideration of a judgment within 28 days following the entry of the judgment. *Osterneck v. Ernst & Whinney,* 489 U.S. 169, 174 (1989), explains that Rule 59(e) encompasses reconsideration of matters decided on the merits and should be used only "to correct manifest errors of law or fact or to present newly discovered evidence." *Rothwell Cotton Co. v. Rosenthal & Co.,* 827 F.2d 246, 251 (7th Cir. 1987) (quoting *Keene Corp. v. Int'l Fidelity Ins. Co.,* 561 F.Supp. 656 (N.D.Ill. 1982), *aff'd* 736 F.2d 388 (7th Cir. 1984)). "A 'manifest error' is not demonstrated by the disappointment of the losing party. It is the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" *Oto v. Metropolitan Life Ins. Co.,* 224 F.3d 601, 606 (7th Cir. 2000) (quoting *Sedrak v. Callahan,* 987 F.Supp. 1063, 1069 (N.D.Ill. 1997)). Apart from manifest errors of law, "reconsideration is not for rehashing previously rejected arguments." *Caisse Nationale de Credit Agricole v. CBI Industries, Inc.,* 90 F.3d 1264, 1270 (7th Cir. 1996).

The Court denied Beals' petition on February 12, 2013. The Court's ruling was not premature as Beals' traverse was due twenty days after service with respondent's return. Respondent's return was filed on January 14, 2013, and the Court ruled on Beals' petition after the time for filing his reply had passed. In addition, Beals' belated reply does not contain a showing that his deadline should be extended. "A motion . . . made after the time

has expired may be granted only if 'the party failed to act because of excusable neglect.'" *Murphy v. Eddie Murphy Prods., Inc.,* 611 F.3d 322, 324 (7th Cir. 2010) (quoting Fed.R.Civ.P. 6(b)(1)). "The determination as to what sort of neglect is considered excusable is an equitable one, taking account of all relevant circumstances surrounding the party's own omission." *Miller v. Kellogg USA, Inc.,* 2006 WL 468315, *2 (D.Neb. Feb. 27, 2006) (internal quotation and citation omitted). Here, Beals has made no showing of excusable neglect to overcome his untimely filing.

Furthermore, if the Court looks beyond Beals' delinquency, it would not find that consideration of the reply warrants a different outcome for the following reasons:

- Beals claims that he is entitled to relief because his hearing was not held before an impartial decisionmaker. Specifically, Beals claims that Hearing Officer Uhle presided over both the A-100 hearing at issue in this case and the B-215 charge challenged in No. 1:12-cv-1408-RLY-MJD. However, the fact that Uhle presided over both charges does not mean that he was biased. Beals' contention that Uhle was biased is entirely unsupported. A conduct board (or hearing officer) that follows established procedures, whose discretion is circumscribed by regulations, and which adheres to applicable procedural requirements does not pose a hazard of arbitrariness violative of due process. *Wolff v. McDonnell,* 418 U.S. 539, 571 (1974). *See also Brown v. Carpenter,* 889 F.Supp. 1028, 1034 (W.D.Tenn. 1995) ("Plaintiff has no right protecting him from being charged with a disciplinary offense . . . . A plaintiff cannot bootstrap a frivolous complaint with a conclusory allegation of retaliation.").

- Beals claims that screening officer Hector was improperly involved in the hearing because Uhle stepped out of the hearing room and spoke with Hector during the hearing. However, if the hearing officer confers with another staff member who has no disqualifying role in the case, there is no prejudice discernible from the action. The doctrine of harmless error analysis applies to alleged due process violations in a prison disciplinary proceeding. *Piggie v. Cotton,* 344 F.3d 674, 677 (7th Cir. 2003)(citing *Powell v. Coughlin,* 953 F.2d 744, 750 (2d Cir. 1991)).

- Beals contends that Superintendent Sevier and Claire Barnes were involved in the decisionmaking before the appeal and thus could not be fair and impartial decisionmakers in the administrative appeal. However, Barnes approved the sanctions but was not involved in other steps of the process. Furthermore, Sevier denied Beals' appeal, but there is no showing that Sevier was otherwise involved in the case.

- Beals claims that he did not receive 24-hour advance notice of his hearing. The expanded record shows otherwise: The conduct report containing the charge was issued on May 7, 2012, Beals was notified of the charge on May 16, 2013, and the hearing was conducted on May 30, 2013. The notice Beals received was sufficient.

- Beals claims that he was denied the right to present documentary evidence. Beals attempts to excuse his behavior by submitting good performance reports or claiming that the evidence was insufficient does not mean that he was denied the right to present evidence.

- Beals claims that he was denied a written statement of facts because the hearing report was not as detailed as Beals would have liked. An inmate subject to disciplinary action is entitled to "a written statement by the factfinders as to the evidence relied on and the reasons for the disciplinary actions" to ensure both administrative accountability and meaningful review. *Wolff,* 418 U.S. at 564-65; *Scruggs v. Jordan,* 485 F.3d 934, 941 (7th Cir. 2007); *Chavis v. Rowe,* 643 F.2d 1281, 1287 (7th Cir. 1981). The hearing report noted what the hearing officer relied upon in reaching his decision, which included staff reports, offender statement, witness statement and physical evidence. His recitation of those matters and his statement of finds are ample to both inform him of the reasons for the finding and permit meaningful review.

There was in this case no manifest error of law or fact. The Court did not misapprehend Beals' claims, nor did it misapply the law to those claims in light of the expanded record. Accordingly, the post-judgment request to reconsider, treated as a motion to alter or amend judgment [dkt. 25], is **denied**.

Beals' request to be supplied with a copy of the docket [dkt. 25] is **granted,** and a copy of the requested item shall be included with his copy of this Entry.

**IT IS SO ORDERED.**

Date: 06/26/2013

_____
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

Kyle Beals
#881294
Pendleton Correctional Facility
Inmate Mail/Parcels
4490 West Reformatory Rd.
Pendleton, IN  46064

Electronically Registered Counsel of Record